IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

|  |  |  |
|---|---|---|
| CRYSTAL NELSON,<br>1810 Manet Court<br>Severn, MD 21144 | ) ) ) ) ) | Civil Action No. _____ |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| BKJ COMPANY INC.<br>D/B/A THE MILLSTREAM INN,<br>5310 Dogwood Road<br>Baltimore, MD 21207 | ) ) ) ) ) |  |
| ANTHONY SCOTT BRAGLIO,<br>3014 Hernwood Road<br>Baltimore, MD 21207 | ) ) ) ) |  |
| Defendants. | ) ) |  |

## COMPLAINT

Plaintiff, Crystal Nelson, through her attorneys, brings this Complaint against BKJ Company Inc. d/b/a The Millstream Inn and Anthony Scott Braglio (collectively referred to herein as "Defendants"), for unpaid wages, and hereby alleges as follows:

### NATURE OF THE ACTION

1. This action arises out of Defendants' failure to pay Plaintiff the federal and state minimum wage, failure to pay Plaintiff all earned overtime wages, failure to compensate Plaintiff for all time worked, and Defendants' unauthorized deductions from Plaintiff's pay, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), the Maryland Wage and Hour Law, Md. Code. Ann., Lab. & Empl. § 3-401 *et seq*.

("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code. Ann., Lab. & Empl. § 3-501 *et seq.* ("MWPCL").

2. Defendant BKJ Company Inc. d/b/a The Millstream Inn operates as a gentlemen's club that serves residents within this judicial jurisdiction.

3. Defendant BKJ Company Inc. d/b/a The Millstream Inn is located at 5310 Dogwood Road, Gwynn Oak, MD 21207.

4. Defendant Anthony Scott Braglio is the President and primary owner of BKJ Company Inc. d/b/a The Millstream Inn, and is a resident of this judicial district.

5. Defendants did not pay Plaintiff the federal minimum wage of $7.25/hour or state minimum wage of $8.00/hour (effective January 1, 2015) for all hours worked, in violation of the FLSA and MWHL.

6. Defendants did not pay Plaintiff one-and-one-half times her regular hourly rate for hours worked in excess of forty (40) hours in any one workweek, in violation of the FLSA and the MWHL.

7. Defendants knowingly deducted from Plaintiff's paychecks a shift sales quota, in violation of the MWPCL.

JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over Count I of this Complaint pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this action arises under the laws of the United States.

11. This Court has supplemental jurisdiction over Counts II, III, and IV of this Complaint, which arise under the laws of the state of Maryland, pursuant to 28 U.S.C. § 1367(a), because the claims in Counts II, III, and IV arise from a common set of operative facts

with Count I and are so related to the claims within the original jurisdiction of this Court

that they form part of the same case or controversy.

12. Venue is proper in the United States District Court for the District of Maryland pursuant

to 28 U.S.C. § 1391(b).  Defendants employed Plaintiff at The Millstream Inn, which is

located in Baltimore City, Maryland.  A substantial part of Defendants' acts and

omissions giving rise to the claims in this Complaint occurred in or failed to occur in

Baltimore City, Maryland.  Defendants do business in Maryland and are subject to

personal jurisdiction in the district.

PLAINTIFF

13. Plaintiff Crystal Nelson is an adult resident of the State of Maryland.

14. Ms. Nelson worked for Defendants as an exotic dancer at The Millstream Inn, located at

5310 Dogwood Road, Gwynn Oak, Maryland 21207.

15. Ms. Nelson worked for Defendants from on or about September 19, 2014, until on or

about May 2015.

16. At all times relevant to this Complaint, Ms. Nelson was Defendants' "employee" as that

term is defined by and/or interpreted pursuant to 29 U.S.C. § 203(e), Md. Code Ann.,

Lab. & Empl. § 3-401 *et seq.* and Md. Code Ann., Lab. & Empl. § 3-501 *et seq.*

17. Defendants were Ms. Nelson's "employer" as that term is defined by and/or interpreted

pursuant to 29 U.S.C. § 203(d), Md. Code Ann., Lab. & Empl. § 3-401(b) and Md. Code

Ann., Lab. & Empl. § 3-501(b).

18. At all times relevant to this Complaint, Plaintiff was an individual employee engaged in

commerce on Defendants' behalf within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

DEFENDANTS

19. Defendant BKJ Company Inc. is a Maryland corporation, which does business as (d/b/a) or trades as (t/a) The Millstream Inn in this judicial district.

20. BKJ Company Inc. d/b/a The Millstream Inn operates a gentlemen's club at 5310 Dogwood Road, Gwynn Oak, MD 21207.

21. BKJ Company Inc. d/b/a The Millstream Inn is a corporation formed under the laws of the State of Maryland with its principal place of business located in Gwynn Oak, Maryland.

22. At all times relevant to this Complaint, BKJ Company Inc. d/b/a The Millstream Inn had and exercised both actual and apparent authority to hire and fire Plaintiff, direct and supervise Plaintiff's work, and bind and set wage and hour policies applicable to Plaintiff.

23. At all times relevant to this Complaint, BKJ Company Inc., d/b/a The Millstream Inn, was Plaintiff's "employer" within the meaning of 29 U.S.C. § 203(d) and Md. Code Ann., Lab. & Empl. §§ 3-401(b), 3-501(b).

24. Defendant Anthony Scott Braglio is or was an adult resident of Maryland.

25. Mr. Braglio is the President and primary owner of Millstream Inn.

26. At all times relevant to this Complaint, Mr. Braglio had and exercised both actual and apparent authority to hire and fire Plaintiff, direct and supervise Plaintiff's work, and bind and set wage and hour policies applicable to Plaintiff.

27. At all times relevant to this Complaint, Mr. Braglio was Plaintiff's "employer" within the meaning of 29 U.S.C. § 203(d) and Md. Code Ann., Lab. & Empl. §§ 3-401(b), 3-501(b).

28. At all times relevant to this Complaint, Defendants were engaged in commerce within the meaning of 29 U.S.C. § 203(s).

29. Upon information and belief, at all times relevant to this Complaint, Defendants had gross annual revenues exceeding $500,000 as required by 29 U.S.C. § 203(s).

## STATEMENT OF FACTS

30. Defendants operate as a gentleman's club at 5310 Dogwood Road, Gwynn Oak, MD 21207.

31. Plaintiff was employed by Defendants as an exotic dancer between September 10, 2014, and May 2015.

32. While in Defendant's employ, Plaintiff worked on average approximately thirty (30) to forty-five (45) hours a week during the period of September 10, 2014, to May 2015.

33. At all times during Plaintiff's employ, Defendants had knowledge that Plaintiff sometimes worked over forty hours a week, and suffered or permitted Plaintiff to work these hours each week.

34. Defendants supervised Plaintiff and controlled the terms and conditions of her employment.

35. Defendants exercised the power to assign Plaintiff tasks and to direct the means of carrying out those tasks.

36. Defendants monitored and evaluated Plaintiff's job performance.

37. Defendants exercised the power to control Plaintiff's work schedule, rate of pay and employment status.

38. For each shift worked, Plaintiff was required to pay a shift sales quota to Defendants.

39. For each shift worked, Plaintiff earned a portion of her income in tips.

40. At the end of each shift, Defendants paid Plaintiff portion of her net sales as a commission, minus estimated taxes.

41. For each shift worked, Plaintiff was required to "tip out" Defendants and non-tipped employees.

42. Defendants deducted from Plaintiff's tips and/or commissions for numerous illegal fees, fines, and charges.

43. Defendant failed to pay Plaintiff any hourly wages for work duties performed.

44. Exhibit 1 attached hereto includes examples of Defendants' failure to pay Ms. Nelson earned wages and the illegal deductions Defendants' took from Ms. Nelson's pay.

45. Defendants failed to pay Plaintiff overtime wages for the work she performed for Defendants in excess of forty hours in any one workweek.

46. Defendants failed to comply with the posting requirements of 29 C.F.R. § 516.4 and Md. Code Ann., Lab. & Empl. § 3-423.

47. Defendants were and are aware that the FLSA, 29 U.S.C. § 206 and the MWHL, Md. Code Ann., Lab. & Empl. § 3-413(b) require Defendants to pay Plaintiff the statutory minimum wage for all hours worked.

48. Defendants were and are aware that the FLSA, 29 U.S.C. § 207(a) and the MWHL, Md. Code Ann., Lab. & Empl. § 3-415(a) require Defendants to pay Plaintiff overtime wages at one-and-one-half times her regular rate of pay for hours worked in excess of forty hours each workweek.

49. Defendants were and are aware that the FLSA and MWHL require Defendants to pay all employees the statutory minimum wage for all hours worked.

50. The FLSA, 29 § U.S.C. 211(c) and 29 C.F.R. § 516.6 require Defendants to keep and

maintain records for at least two years documenting the compensation of each employee, the rate of pay for each employee, and the total hours worked each workday and each workweek.

51. The MWHL, <u>Md. Code Ann.</u>, Lab. & Empl. § 3-424 requires Defendants to keep and maintain records for at least three years documenting the compensation of each employee, the rate of pay for each employee, and the total hours worked each workday and each workweek.

52. The wages Defendants withheld from Plaintiff were not withheld as a result of a bona fide dispute.

53. Defendants' failure to pay Plaintiff's wages as required by law was willful.

<u>COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT</u><br>(Failure to Pay Minimum Wage)

54. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

55. Plaintiff worked for Defendants as an exotic dancer and performed "non-exempt" duties under the FLSA.

56. Plaintiff was not exempt from being paid the federal minimum wage.

57. During the applicable statutory period, Defendants failed to pay Plaintiff the federal minimum wage for all hours worked, in violation of 29 U.S.C. § 206.

58. Under the FLSA, employers may claim a "tip credit" to pay employees who receive tips below the minimum wage.  29 U.S.C. § 203(m).

59. Employers may only take a tip credit if certain requirements are met.  29 U.S.C. § 203(m).  Namely, (1) the employer must give the employee proper notice of taking a tip credit; (2) the employee must retain all of her tips except for those lawfully shared with

other employees; and (3) the employee, through her tips, must make up the difference between the tip credit minimum wage and full minimum wage. 29 C.F.R. § 531.59.

60. Defendants did not pay Plaintiff wages at least equal to the "tip credit" minimum wage amount.

61. Because Defendants did not comply with tip credit requirements, Defendants cannot use the "tip credit" when calculating back wages owed to Plaintiff.

62. In violation of the FLSA, Defendants did not pay Plaintiff the statutorily mandated minimum wage as required by the FLSA.

63. The wages Defendants withheld from Plaintiff were not withheld as the result of a bona fide dispute.

64. Defendants' violations of the FLSA were willful.  Accordingly, a three-year statute of limitations governs this claim pursuant to 29 U.S.C. § 255(a).

65. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not in violation of the FLSA.  As a result thereof, Plaintiff is entitled to recover all unpaid overtime wages.  Additionally, Plaintiff is entitled to recover liquidated damages in an amount equal to the unpaid wages described above, plus costs and reasonable attorneys' fees incurred in the filing and prosecution of this action, pursuant to 29 U.S.C. § 216(b).

66. Alternatively, should the Court find that Defendants have not acted willfully in failing to pay minimum and overtime wages, Plaintiff is entitled to an award of prejudgment interest on all unpaid wages at the applicable legal rate.

## COUNT II: VIOLATION OF THE FAIR LABOR STANDARDS ACT
(Failure to Pay Overtime)

67. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

68. Plaintiff worked for Defendants as a dancer and performed "non-exempt" duties under the FLSA.

69. Plaintiff was not exempt from being paid overtime wages at the rate of one-and-one-half times the federal minimum wage for hours worked over forty (40) in a workweek.

70. During the applicable statutory period, Plaintiff routinely worked hours in excess of forty per workweek without receiving overtime compensation from Defendants for these hours, in violation of 29 U.S.C. § 207(a).

71. The wages Defendants withheld from Plaintiff were not withheld as the result of a bona fide dispute.

72. Defendants' violations of the FLSA were willful.  Accordingly, a three-year statute of limitations governs this claim pursuant to 29 U.S.C. § 255(a).

73. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not in violation of the FLSA.  As a result thereof, Plaintiff is entitled to recover all unpaid overtime wages.  Additionally, Plaintiff is entitled to recover liquidated damages in an amount equal to the unpaid wages described above, plus costs and reasonable attorneys' fees incurred in the filing and prosecution of this action, pursuant to 29 U.S.C. § 216(b).

74. Alternatively, should the Court find that Defendants have not acted willfully in failing to pay minimum and overtime wages, Plaintiff is entitled to an award of prejudgment interest on all unpaid wages at the applicable legal rate.

COUNT III: VIOLATION OF THE MARYLAND WAGE AND HOUR LAW

75. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

76. Plaintiff was not exempt from being paid the Maryland minimum wage or overtime wages at a rate of one-and-one-half times the minimum wage for hours worked over forty (40) in a workweek.

77. During the applicable statutory period, Plaintiff routinely worked without receiving minimum wage compensation from Defendants for their hours worked, in violation of Md. Code Ann., Lab. & Empl. § 3-413(b).

78. During the applicable statutory period, Plaintiff routinely worked hours in excess of forty per workweek without receiving overtime compensation from Defendants for these hours, in violation of Md. Code Ann., Lab. & Empl. § 3-415(a).

79. The wages Defendants withheld from Plaintiff were not withheld as the result of a bona fide dispute.

80. Plaintiff is entitled to recover all unpaid minimum and overtime wages.  Additionally, Plaintiff is entitled to recover liquidated damages in an amount equal to the unpaid wages described above, plus costs and reasonable attorneys' fees incurred in the filing and prosecution of this action, pursuant to Md. Code Ann., Lab. & Empl. § 3-427(a).

81. Alternatively, should the Court find that Defendants have not acted willfully in failing to pay minimum and overtime wages, Plaintiff is entitled to an award of prejudgment interest on all unpaid wages at the applicable legal rate.

## COUNT IV: VIOLATION OF THE MARYLAND
## WAGE PAYMENT AND COLLECTION LAW

82. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

83. During the applicable statutory period, Plaintiff routinely worked without receiving minimum wage compensation from Defendants for all hours worked, in violation of Md. Code Ann., Lab. & Empl. § 3-413(b) and § 3-507.2(a).

84. During the applicable statutory period, Plaintiff routinely worked hours in excess of forty per workweek without receiving overtime compensation from Defendants for these hours, in violation of Md. Code Ann., Lab. & Empl. § 3-415 and § 3-507.2(a).

85. During the applicable statutory period, Defendant routinely deducted a shift sales quota from Plaintiff's pay for each shift worked, in violation of Md. Code Ann., Lab. & Empl. § 3-503.

86. Deductions made by Millstream Inn were never authorized by Plaintiff and were not otherwise allowable by Maryland law.

87. Defendant failed to pay Plaintiff all wages due and promised for work performed by imposing illegal deductions.

88. The wages Defendants withheld from Plaintiff were not withheld as the result of a bona fide dispute.

89. Defendants have not acted in good faith or with reasonable grounds to believe its actions and omissions were not in violation of the MWPCL.  As a result thereof, Plaintiff is entitled to recover three times the amount of unpaid wages described above, plus costs and reasonable attorneys' fees incurred in the filing and prosecution of this action, pursuant to Md. Code Ann., Lab. & Empl. § 3-507.2(a).

90. Alternatively, Plaintiff is entitled to an award of prejudgment interest on all unpaid wages at the applicable legal rate.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Crystal Nelson demands judgment against the Defendants, jointly and severally, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of her damages, and the costs of this action, and further requests that the Court enter judgment and:

A. Award Plaintiff all unpaid minimum and overtime wages owed to her pursuant to 29 U.S.C. §§ 203 and 207, plus an equal amount in liquidated damages pursuant to 29 U.S.C. § 216;

B. Award Plaintiff all unpaid minimum and overtime wages owed to her pursuant to Md. Code Ann., Lab. & Empl. §§ 3-413(b) and 3-415(a), plus an equal amount in liquidated damages pursuant to Md. Code Ann., Lab. & Empl. § 3-427;

C. Award Plaintiff three times the unpaid minimum and overtime wages owed to her, pursuant to Md. Code Ann., Lab. & Empl. § 3-507.1(b);

D. Award to Plaintiff her costs and attorneys' fees incurred in this action, as provided for by 29 U.S.C. § 216(b), Md. Code Ann., Labor & Empl. § 3-427(a)(3),  and Md. Code Ann., Labor & Empl. § 3-507.2(b) ; and

E. Award such other and further relief as the Court deems just and proper.

Respectfully submitted,

Daniel A. Katz, Bar No. 13026
dkatz@ggilbertlaw.com

Marlene S. Ailloud, Bar No. 18974
mailloud@ggilbertlaw.com

The Law Offices of
Gary M. Gilbert & Associates
1100 Wayne Avenue, Suite 900
Silver Spring, MD 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
dkatz@ggilbertlaw.com

/s/Justin Zelikovitz
Justin Zelikovitz, Bar No. 17567
Law Office of Justin
Zelikovitz PLLC
519 H Street NW
Washington, DC 20001
Tel: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*